IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-_____ (___)**

**HQ|PUBLICATIONS, LLC**, an Illinois limited liability company,

    Plaintiff,

v.

**WWW.ALLCOLLEGESEARCHDIRECTORY.COM**, an Internet domain name, and
**WWW.FIRSTSTOPONLINEDEGREE.NET**, an Internet domain name,

    *In rem* Defendants.

_____

### *IN REM* COMPLAINT
_____

Plaintiff hq|Publications, LLC ("Plaintiff") alleges the following in support of its claim against the Internet Domain Names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET ("Defendants"):

### NATURE OF THE ACTION

1.    Plaintiff is one of a network of companies that provide a directory of e-learning courses and online education resources, featuring informative resources as well as hundreds of e-learning courses in 360 subject categories. Plaintiff's websites, found at the domain names WWW.ALLCOLLEGESEARCH.NET and WWW.FIRSTSTOPONLINEDEGREE.COM, enable its users to quickly and easily locate effective e-learning courseware. Plaintiff's online directories highlight free courses and tutorials, computer training, corporate training, post-

secondary education, professional development, personal development, and continuing education.

2. Plaintiff files this *in rem* action asserting a claim for cyberpiracy under the Anticybersquatting Consumer Protection Act ("Cyberpiracy Act"), 15 U.S.C. § 1125(d).

3. This lawsuit involves quintessential cyberpiracy. ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE are distinctive trademarks of Plaintiff, which Plaintiff owns and has used extensively on and in connection with Plaintiff's websites at the domain names WWW.ALLCOLLEGESEARCH.NET and WWW.FIRSTSTOPONLINEDEGREE.COM. In the field of online educational resources, ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE are immediately recognized marks that exclusively identify Plaintiff and its goods and services. Notwithstanding Plaintiff's rights in these marks, the domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET have been registered by an individual having no affiliation with Plaintiff whatsoever, with no legitimate right to use these domain names, and who is using the domain names to lure unsuspecting consumers and advertisers to its websites, which websites are exact duplicates of Plaintiff's sites. This is the precise scenario that the *in rem* provisions of the Cyberpiracy Act were enacted to combat, namely, the scenario in which a cyberpirate uses the trademarks of others to profit, either by deceiving unsuspecting consumers into visiting a website or by ransoming the website to a trademark holder, while using the anonymity made possible by the Internet to evade liability for usurping those intellectual property interests.

4.  The World Intellectual Property Organization ("WIPO"), an entity organized under the auspices of the United Nations to protect intellectual property, has condemned the widespread epidemic of cyberpiracy. WIPO noted that "[f]amous and well-known marks have been the special subject of predatory and parasitical practices by a minority of domain name registrants acting in bad faith." WIPO Interim Report on the Internet, December 23, 1998, at iii; WIPO Interim and Final Report *available at* <http://wipo2.wipo.int>.

5.  In passing the Cyberpiracy Act, Congress indicated its intent to address the increasing epidemic of cyberpirates who "registered, trafficked in, or used the offending domain name with bad-faith intent to profit from the goodwill of a mark belonging to someone else." H.R. Conf. Rep. No. 106-464 (Nov. 9, 1999). As Senator Hatch observed in supporting passage of the Cyberpiracy Act:

> [T]oday the Senate considers legislation to address the serious threats to American consumers, businesses, and the future of electronic commerce, which derive from the deliberate, bad-faith registration of Internet domain names in violation of the rights of trademark owners. For the Net-savvy, this burgeoning form of cyber-abuse is known as "cybersquatting." For the average consumer, it is simply fraud, deception, and the bad-faith trading on the goodwill of others.

Cong. Rec. S10515 (daily ed. August 5, 1999) (statement of Sen. Hatch).

6.  Section 3002 of the Cyberpiracy Act (15 U.S.C. § 1125(d)(1)(A)), provides in pertinent part:

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person –
>
> (i) has a bad faith intent to profit from that mark . . . and;
>
> (ii) registers, traffics in, or uses a domain name that –

>    (I)   in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; [or]
>
>    (II)  in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark . . . .

7.  In bringing this lawsuit, Plaintiff seeks a preliminary and permanent injunction transferring the domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET to Plaintiff.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.  This Court has *in rem* jurisdiction over the domain names pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I) in that this Court does not have personal jurisdiction over the registrant of the domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET because the registrant has engaged in conduct to conceal his or her true identity and location by providing false contact information in connection with the registration of these domain names.  Plaintiff has attempted to reach the registrant by using the telephone numbers the registrant provided when registering the site and other telephone numbers believed to be used by the registrant based on detailed searches of the worldwide web and the WhoIs database maintained by Registrar.com, but, in most cases, these numbers were not in service and, when such numbers were in service, they reached apparently unrelated businesses where the business owners professed to have no knowledge of the registrant.  This Court also has *in rem* jurisdiction over the domain names under 15 U.S.C. §1125(d)(2)(C)(i) because the

domain name registrar is located in this jurisdiction and under 15 U.S.C. § 1125(d)(2)(C)(ii) because upon commencement of this case, documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain names can be expeditiously deposited with the Court.

10. Venue lies in this District under 15 U.S.C. § 1125(d)(2)(A) and (C) because DomainSite, an apparent d/b/a of Spot Domain LLC ("DomainSite"), is the registrar of the domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET and is located in this Judicial District.

## THE PARTIES

11. Plaintiff is an Illinois limited liability company with its principal place of business at 250 Parkway Drive, Suite 150, Lincolnshire, Illinois 60069.

12. The registrant of the domain name WWW.ALLCOLLEGESEARCHDIRECTORY.COM provided the following contact information to DomainSite in connection with the registration of the domain name: Ruirui Cao, Suite # 1721, 14781 Memorial Drive, Houston, TX 77079, US; telephone: +1.28165477926; facsimile: 28165477; email address: webmaster@allcollegesearchdirectory.com. The registrant of the domain name WWW.FIRSTSTOPONLINEDEGREE.NET provided the same contact information as for the other domain name, except that he or she provided a different phone number, +1.2815968276, a different facsimile number, fax 2815968276, and a different email address, webmaster@firststoponlinedegree.net.

13. For the reasons set forth in this Complaint, Plaintiff is informed and believes that the information provided in registering the domain name is falsified and that the cyberpirate's true identity and location remain unknown.

14. *In rem* jurisdiction in this District is thus proper because Plaintiff is unable to locate or serve the cyberpirate and because the registrar for these domain names, DomainSite, is located in this Judicial District.

## FACTUAL BACKGROUND

*Plaintiff's Trademark Rights
and Harm Suffered as a Result of the Registrant's Actions*

15. The registrant of the illegal websites WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET is a commercial pirate in every sense of what the anti-Cyberpiracy law describes and is designed to prohibit. The cyberpirate has, with bad faith intent, attempted and continues to attempt to capitalize financially on the goodwill and identifying marks of Plaintiff.

16. Plaintiff has used continuously the ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE marks in connection with its business since at least January, 2005, and the predecessor business from which these trademarks (and related goodwill) and domains were acquired by Plaintiff in January, 2005 had been using them for more than three years prior to such acquisition, both of which dates are well before the acts complained of herein.

17. Plaintiff uses its websites identified by the marks ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE in order to generate and collect "leads" in

the form of name and contact information from individuals interested in Plaintiff's clients' education services. Plaintiff contracts with its clients to provide leads generated by the website.

18. The fraudulent websites located at the Defendant domain names invite website visitors to provide their contact information, which contact information, upon information and belief, is diverted from Plaintiff and collected by Defendant's registrant and used for his or her own commercial purposes.

19. The commercial purposes of Defendants' registrant are believed to include attempting to sell and selling the leads generated by the pirated website to Plaintiff's competitors and are believed to include selling and attempting to sell advertising space to Plaintiff's competitors.

20. As a proximate result, Plaintiff has been deprived of countless leads that otherwise would be generated and collected on its website, as well as the corresponding revenue to which Plaintiff is entitled pursuant to its lead generation contracts with its clients.

21. In addition to the commercial activities described above, Defendants' registrant actively defrauds and misleads consumers and the public at large by purporting to provide the specialty services and expertise that Plaintiff has developed and provided over the last several years. Moreover, consumers are duped into providing personal identifying information, which Plaintiff believes is used in furtherance of the registrant's commercial activities but which may also be used for any other nefarious activities the registrant pursues, including possible identity theft activities.

22. Plaintiff has spent considerable sums and has expended significant effort in advertising, promoting, and developing the ALL COLLEGE SEARCH DIRECTORY and

FIRSTSTOP ONLINE DEGREE marks throughout the world.  As a result of such advertising and expenditures, Plaintiff has established considerable goodwill in the ALL COLLEGE SEARCH and FIRSTSTOP ONLINE DEGREE marks.   These marks have become widely known and recognized as Plaintiff's marks and are associated by the consuming public exclusively with Plaintiff and its services.  The ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE marks, and the goodwill associated with the marks, are assets of substantial worth to Plaintiff.

*Cyberpiracy of WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET*

23. Defendant domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET were registered in bad faith and with the intention of capitalizing on, and profiting from, the goodwill and reputation of Plaintiff's ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE marks.

24. The registrant's bad faith intent and attempt to trade off Plaintiff's marks and attendant goodwill is manifested by his or her wholesale copying of the home pages of Plaintiff's websites, to the smallest degree, including even Plaintiff's copyright notices.

25. Furthermore, the registrant of WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET provided false registration information to the registrar, violating the terms of the registration agreements that required the registrant to provide complete and accurate contact information and to amend the information provided at the time of registration as needed to ensure its accuracy.

26. The cyberpirate is not in any way affiliated or associated with Plaintiff and has absolutely no right to use Plaintiff's marks. The cyberpirate falsely represented and warranted to the registrar, DomainSite, with whom the cyberpirate registered the domain names that he or she had a right to register the domain names, that such registrations did not interfere with the right of any third party with respect thereto, and/or that the domain names would not be used for any unlawful purpose.

27. The registration of WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET constitutes cyberpiracy and tarnishes the goodwill and reputation of Plaintiff. The registration of domain names containing distinctive trademarks places an intolerable burden on trademark holders like Plaintiff, who must continuously monitor such domain names to determine whether they are being used for improper purposes, to sell counterfeit goods or services such as here, or are otherwise being used in an unauthorized and unlawful manner.

## FIRST CLAIM FOR RELIEF
(Cyberpiracy)

28. The allegations set forth above are incorporated herein by this reference.

29. The actions described above evidence bad faith intent to profit from the registration and/or use of Plaintiff's distinctive ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP ONLINE DEGREE marks in an Internet domain name.

30. The registrant of WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET have registered, trafficked in, and/or used trademarks that were distinctive at the time of registration of the domain names and was identical or confusingly similar to Plaintiff's ALL COLLEGE SEARCH DIRECTORY and FIRSTSTOP

ONLINE DEGREE marks, and/or registered, trafficked in, and/or used famous trademarks that were famous at the time of the registration of the domain names and were identical or confusingly similar to or dilutive of those marks.

31.     Plaintiff is entitled to an order and injunction immediately transferring WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.      That the Internet domain names WWW.ALLCOLLEGESEARCHDIRECTORY.COM and WWW.FIRSTSTOPONLINEDEGREE.NET be transferred to Plaintiff; and

B.      For such other and further relief that that the Court may consider just and appropriate.

Submitted this __24th__ day of January, 2006,

                                                  By s/ Christopher P. Beall
                                                  Christopher P. Beall
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500; Fax: (303) 607-3600
E-mail: cbeall@faegre.com

Of Counsel:
Robert O. Rice
Arthur B. Berger
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

Attorneys for Plaintiff
**hq|PUBLICATIONS, LLC**

Plaintiff's Address:

hq|PUBLICATIONS, LLC
250 Parkway Drive, Suite 150
Lincolnshire, Illinois 60069

DNVR1:60331579.01

11